UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                              'O'

| Case No. | 2:25-cv-00010-CAS-ASx | Date | April 28, 2025 |
|---|---|---|---|
| Title | Jeffrey Huang v. Travis A. Renn et al | | |

Present: The Honorable   **CHRISTINA A. SNYDER**

| Catherine Jeang | Miriam Veliz-Baird | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Elliot Blut                                                       J. Patrick Allen

**Proceedings:**   ZOOM HEARING RE: MOTION FOR PRELIMINARY INJUNCTION (Dkt. 7, filed on January 13, 2025)

On January 2, 2025, plaintiff Jeffrey Huang ("Huang" or "plaintiff") filed this action against defendant Travis A. Renn ("Renn") and nominal defendant Accelerlist, Inc. ("Accelerlist") (collectively "defendants") asserting seven claims for relief: (1) breach of contract; (2) breach of fiduciary duty; (3) conversion; (4) fraud; (5) injunctive relief in the form of removal of Renn as an officer and/or director of Accelerlist for breach of fiduciary duty; (6) preliminary injunction; and (7) injunctive relief in the form of provision of accounting documents. Dkt. 1.

On January 13, 2025, Huang filed a motion for a preliminary injunction. Dkt. 7. On March 19, 2025, defendant Renn and nominal defendant Accelerlist filed an opposition to the motion for a preliminary injunction. Dkt. 19. On March 26, 2025, Huang filed a reply. Dkt. 21. On March 28, 2025, the Court continued the preliminary injunction hearing, previously scheduled for March 31, 2025, and directed the parties to submit supplemental filings. Dkt. 22. On April 11, 2025, defendants filed their evidence. Dkt. 24. On April 18, 2025, plaintiff filed his response. Dkt. 26. On April 28, 2025, the Court held a hearing.[1]

This case revolves around leadership of Accelerlist, a company co-founded by plaintiff and Renn in 2016. Dkt. 7-2 ¶ 2; dkt. 24 ¶ 2. According to Huang, following a business dispute, Huang and Renn entered into a Settlement Agreement in 2019 and

---

[1] At the hearing, counsel for defendants indicated that he did not oppose the Court's tentative ruling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:25-cv-00010-CAS-ASx | Date | April 28, 2025 |
|---|---|---|---|
| Title | Jeffrey Huang v. Travis A. Renn et al | | |

executed an Addendum to the Settlement Agreement in March 2020. Dkt. 7-2 ¶ 2. As part of the Settlement Agreement, Huang states that he stepped down from his position as an officer and resigned from Accelerlist's board, while Renn continued to operate the business as its chief executive officer. Id. ¶ 3. The Settlement Agreement provides the following shareholder breakdown: Renn owns 45%, Huang owns 45%, and a third shareholder, Caleb Roth ("Roth"), owns 10%. Dkt. 1-1 at 1.

In his motion, dated January 13, 2025, plaintiff seeks a preliminary injunction to: (i) appoint Huang as interim provisional director of Accelerlist due to Renn's alleged misconduct, and (ii) require Renn to "turn over" the information needed to control the company. Dkt. 7 at 2. Alternatively, plaintiff seeks a preliminary injunction enjoining Renn from using company funds for personal expenditures and for his defense in this matter. Id. at 2, 10.

In his supplemental filing in response to defendants' evidence, dated April 18, 2025, plaintiff asserts that on April 7, 2025, plaintiff and Roth removed Renn as a director of Accelerlist by written consent, as provided in the by-laws of Accelerlist. Dkt. 26 at 2. According to Huang, he and Roth then elected themselves as directors and appointed new officers. Id. Huang provides a document titled Written Consent of the Stockholders of Accelerlist, dkt. 26-1, Ex. 2, as well as updated filings with the Delaware Secretary of State, dkt. 26-1, Ex. 3. According to these documents, Huang was appointed Interim President and Secretary, and Roth was appointed Chief Financial Officer and Treasurer. Dkt. 26-1, Ex. 2. The Interim President is required to "[o]versee[] day-to-day management, corporate strategy, and coordinate[] with the Board on major decisions," while the Secretary "[m]aintains corporate records, prepares and keeps minutes of Board and stockholder meetings, and handles official notices." Id. Huang asserts that he still seeks a preliminary injunction directing Renn to "turn over [] Accelerlist's business operations and professional contacts, financial and banking access, domain access, third party accounts and integrations, direct access to code, cloud servers[,] and company accounts needed to interact with customers (intercom)." Dkt. 26 at 3.

It appears to the Court that plaintiff's motion for a preliminary injunction is now moot. Given plaintiff's alleged election to the board of directors and appointment as Interim President, his request to be appointed as an interim provisional director is no longer a live controversy. The Court finds that plaintiff's other requests—for Renn to "turn over" requested information to operate the company and for Renn to be barred from

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:25-cv-00010-CAS-ASx | Date | April 28, 2025 |
|---|---|---|---|
| Title | Jeffrey Huang v. Travis A. Renn et al | | |

using company funds—are also mooted by plaintiff's new roles and Renn's removal from the board.  The arguments in plaintiff's motion and the evidence proffered by plaintiff supported his request for relief as a shareholder unable to control Accelerlist's corporate decision-making, as plaintiff was not on the board at the time.  Given that plaintiff alleges that he is now on the board and controls the company as its Interim President, the Court finds that plaintiff's motion is immaterial to the relief he now seeks.

In accordance with the foregoing, the Court **DENIES** plaintiff's motion.

IT IS SO ORDERED.

|  | 00 | : | 10 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |